SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

GRANCO PRODUCTS, INC., H. P. B. Corp., Henry Fogel, Leonard Gold, Robert Colucci, d/b/a Luccis & Company, Defendants.

United States District Court
S. D. New York.

Dec. 2, 1964.

David P. Bicks, New York City, for Securities & Exchange Commission.

Feldshuh & Frank, New York City, for Granco Products, Inc., and others.

CROAKE, District Judge.

This is an application by the Securities and Exchange Commission (hereinafter Commission) for a preliminary injunction in the instant action. The Commission seeks to restrain certain alleged violations of Sections 5 and 17(a) of the Securities Act of 1933 as amended (hereinafter the Act) in the sale of the stock of Granco Products, Inc. (hereinafter Granco), a New York corporation.

The pertinent parts of the Act relied upon by the Commission are as follows:

> "15 U.S.C. § 77e. *Prohibitions relating to interstate commerce and the mails*
>
> "(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—
>
>> "(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or
>>
>> "(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale."
>
> "(c) It shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under section 77h of this title. May 27, 1933, c. 38, Title I, § 5, 48 Stat. 77; June 6, 1934, c. 404, § 204, 48 Stat. 906; Aug. 10, 1954, c. 667, Title I, § 7, 68 Stat. 684."

"15 U.S.C. § 77q. *Fraudulent inter-state transactions*

"(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

"(1) to employ any device, scheme, or artifice to defraud, or

"(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) to engage in any transac-action, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

The complaint has two causes of action, the first of which alleges violation by the defendants of 15 U.S.C. § 77e(a) and (c), the second, violation of 15 U.S.C. § 77q(a).

All of the named defendants have been served with the moving papers of the Commission. No opposing affidavits or memoranda of law have been submitted on behalf of the defendants. A letter was submitted to the court on November 17, 1964 by the attorneys for defendant Robert Colucci (hereinafter Colucci), d/b/a Luccis & Company (hereinafter Luccis). This letter requested a hearing but did not controvert the allegations of the Commission. Counsel for Colucci also urged in this letter that the stock to be sold to the public by the defendants was exempt from such sale pursuant to the provisions of 15 U.S.C. § 77c(a) (10).

The Commission in its moving papers relies upon the affidavit of one Joseph Nello, an investigator employed at the New York Regional Office of the Commission. Nello recites that the sources of his affidavit upon information and belief " * * * are various books, records, and other documents of certain of the defendants and others, statements made to me or in my presence by witnesses during the Commission's investigation, and statements and records contained in the official files of the Commission."

The thrust of the uncontroverted allegations of Mr. Nello is summarized as follows:

Granco, a New York corporation formed on November 12, 1952, was engaged in the business of designing and selling electronic equipment at New Hyde Park, New York.

Granco deteriorated financially to such a degree that since December of 1963 it has ceased operations. Furthermore, from April 18, 1963 to August 6, 1964 Granco was the subject of an arrangement proceeding under Chapter XI of the Bankruptcy Act in the United States District Court for the Eastern District of New York.

A plan of arrangement in the aforesaid proceeding has been confirmed. Pursuant to said plan, 730,631 shares of stock in Granco have been transferred by the Corporation in varying amounts to defendants H.P.B. Corp. (hereinafter H.P.B.), Humbert Underwriters Limited (hereinafter Humbert) and Luccis, for the purpose of sale to the public. 280,-631 of such shares are to be sold by Luccis and Humbert to the public for the benefit of administration creditors of Granco who settled their claims against Granco for $.50 for each share of stock in Granco issued to them.

These administration creditors, pursuant to the plan, could elect to sell their shares within sixty days through a broker selected by H.P.B. who made a firm offer to purchase them at $.50 a share. The brokers chosen by H.P.B. were Humbert and Luccis, located in Toronto, Canada, who have sold some of such shares in the United States. The 280,-631 shares were issued directly by Granco to Humbert and Luccis for sale to the public. The administration creditors never took title or possession of the 280,631 shares. 204,356 of the shares to

be sold for the benefit of the administration creditors are accounts in which defendants Gold and Fogel have a direct or an indirect beneficial interest.

The remaining 450,000 of said shares of stock in Granco to be sold to the public pursuant to the confirmed plan of arrangement were to be sold or caused to be sold to the public by H.P.B. Defendants Fogel and Gold jointly own H.P.B. (a Washington, D. C., corporation located in New Hyde Park, N. Y.). The revenues for such sales were to be used as the security for certain promissory notes issued to unsecured creditors of Granco in payment of their claims. In short, a scheme was devised whereby an unwary public would pay for the losses sustained by the creditors of Granco. The named defendants seek to make a public offering of a substantial amount of the shares of stock in Granco without the necessity of filing a registration state-ment fully disclosing the financial status of Granco.

Luccis relies upon the exemption provided in 15 U.S.C. § 77c(a) (10), as follows:

"*Exempted securities*

"(a) (10). Any security which is issued in exchange for one or more bona fide outstanding securities, claims or property interests, or partly in such exchange and partly for cash, where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court, or by any official or agency of the United States, or by any State or Territorial banking or insurance commission or other governmental authority expressly authorized by law to grant such approval;"

■ The Commission has established an uncontroverted prima facie case for the necessity of a registration statement to be filed in this case. Granco, in effect, seeks in this case to issue securities to the public at large who could not and did not participate in the Chapter XI proceedings upon which the asserted exemption from registration is based.

The two cases cited by counsel for Luccis are inapplicable. The distinctions urged by the Commission in its letter of November 18, 1964 to the court are apparently correct.

■ The Commission in its second cause of action alleges that there are serious misstatements of fact contained in two brochures dated, respectively, August 25, 1964 and September 16, 1964, which were sent by Luccis through the mails in interstate commerce to prospective purchasers of the aforesaid shares of stock in Granco.

The false and misleading statements contained in said brochures, as alleged by Nello, are summarized as follows:

1. Granco will soon regain its prominence in the electronics industry.

2. Negotiations are underway for a large subcontract for the manufacture of U. S. Signal Corp. equipment.

3. A fire insurance claim for $473,000 is being pressed vigorously in the courts.

4. Granco has improved its working capital position.

5. Granco has an experienced staff and is getting new financial support.

6. The volume of business of Granco is already going up.

7. A contract has been concluded with a large company which will provide a minimum of $350,000 worth of new business.

All of the above representations are alleged to be false. The brochures of the salesmen of Luccis do not state that the creditors of Granco will benefit from such sales of stock, nor do they advise prospective purchasers that Granco has recently been in a Chapter XI proceeding.

The Commission, without contradiction, alleged facts which constitute a

prima facie case on both counts of the complaint and is therefore entitled to a preliminary injunction. Ross-Whitney Corp. v. Smith, Kline & French Laboratories, 207 F.2d 190, 198 (9 Cir.1953); S. E. C. v. A. G. Bellin Securities Corp., 171 F.Supp. 233 (S.D.N.Y.1959); S. E. C. v. Bennet & Company, 207 F.Supp. 919, 923 (D.N.J.1962). S. E. C. v. Boren, 283 F.2d 312 (2d Cir.1960).

A preliminary injunction will be issued restraining all of the named defendants in this action from using the mails or other means of transportation or communication in interstate commerce in the sale or delivery of stock of Granco Products, Inc., for such period of time that the final disposition of this action is pending.

The form of the injunction will be settled on two days' notice.

Settle order.